NO









NO. 12-08-00467-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

ANDREW ALAN BURT,                                  '     APPEAL FROM
THE 241ST

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '     SMITH COUNTY,
TEXAS

 

 

 

 





MEMORANDUM OPINION

PER
CURIAM

Andrew
Alan Burt appeals his conviction for theft.  Appellant=s counsel filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We
dismiss the appeal.

 

Background

Appellant
was charged by information with the offense of theft of the value of $1,500 or
more but less than $20,000, a state jail felony.[1] 
Appellant pleaded guilty to the offense charged in the information.  Appellant
and his counsel signed an agreed punishment recommendation, an acknowledgment
of admonishments, a waiver of service and arraignment, a waiver of
confrontation and agreement to stipulate, and a stipulation of evidence
judicially confessing to the offense alleged in the information.  He also
waived his time to file a motion for new trial and a motion in arrest of
judgment, his right to appeal, and his right of trial by jury.  The trial court
accepted Appellant=s
plea, deferred further proceedings without entering an adjudication of guilt,
and ordered that Appellant be placed on deferred adjudication community
supervision for three years.[2]  As a
condition of his community supervision, Appellant was ordered to pay
restitution in an amount to be determined.  Approximately one month later, the
trial court amended the conditions of Appellant’s community supervision, and
ordered that Appellant pay restitution in the amount of $1,728.15.  On October
8, 2008, the State filed a motion to adjudicate and revoke community
supervision, alleging that Appellant had violated the terms of his community
supervision.  Appellant pleaded Atrue@ to the allegations
contained in the State=s
motion.  After a hearing, the trial court found the allegations in the State’s
motion to be true,  granted the State’s motion to proceed to final
adjudication, revoked his community supervision, and adjudged Appellant guilty
of theft as charged in the information.  The trial court assessed Appellant=s punishment at eighteen
months in a state jail facility, court costs, and restitution.[3] 
This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel filed a brief in
compliance with Anders and Gainous, stating that he
has diligently reviewed the appellate record and is of the opinion that the
record reflects no reversible error and that there is no error upon which an
appeal can be predicated.  From our review of Appellant=s brief, it is apparent that his counsel is
well acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal.[4]  We have
reviewed the record for reversible error and have found none. 

 

 

 

Conclusion

As
required, Appellant=s
counsel has moved for leave to withdraw.  See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement
with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4; In
re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s
appeal.

Opinion delivered November 18, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1] See Tex. Penal Code Ann. ' 31.03(a), (e)(4)(A) (Vernon 2003).





[2] See Tex. Code Crim. Proc. Ann. art. 42.12, '
5(a) (Vernon Supp. 2009). 





[3] An individual adjudged guilty of a state jail felony
shall be punished by confinement in state jail for any term of not more than
two years or less than 180 days and, in addition, a fine not to exceed $10,000.
 Tex. Penal Code Ann. ' 12.35(a), (b) (Vernon 2003).





[4] Counsel for Appellant certified that he provided
Appellant with a copy of counsel’s brief and that Appellant was given time to
file his own brief in the case.  The time for filing such a brief has expired
and we have received no pro se brief.